IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALPHEOUS GORDON, aka
ORVILLE OWENS,

    Plaintiff,

  vs.

FRESNO COUNTY JAIL, et al.,

    Defendants.

1: 07 CV 01480 OWW WMW PC

FINDINGS AND RECOMMENDATION

        Plaintiff is a federal prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the September 12, 2008, first amended complaint, filed in response to an earlier order dismissing the original complaint with leave to amend. Plaintiff, an inmate in the custody of the U.S. Bureau of Prisons at Florence, Colorado, brings this civil rights action against defendant correctional officials at the Fresno County Jail. The claims in the complaint relate to Plaintiff's condition of confinement while he was housed at the Fresno County Jail.

        In the order dismissing the original complaint, the court noted the following. Plaintiff's sole claim in the complaint relates to his diet. Plaintiff was authorized to receive a kosher diet. Plaintiff alleges that a tea bag was mixed with his kool-aid, thus rendering the kool-

1

aid non kosher.  Plaintiff makes no other allegations.  Plaintiff alleges no specific conduct by any particular defendant.  Plaintiff also fails to allege any facts indicating that any defendant forced Plaintiff to drink anything he did not desire.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court found the allegations in plaintiff's complaint to be vague and conclusory.  Plaintiff was specifically advised that the complaint did not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff was specifically directed that he must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.

In the first amended complaint, Plaintiff restates the allegations of the original complaint.  Plaintiff attaches as exhibits to the first amended complaint a copy of the inmate grievance that he filed at the jail.  In the grievance, Plaintiff appears to complain that his tea bag was removed and replaced, in violation of a court order.  Plaintiff attaches a copy of an order entered in this court, while Plaintiff was a criminal defendant.  The order directs officials at the Fresno County Jail to provide a Kosher diet to Plaintiff.

In the first amended complaint, however, Plaintiff does not cure the defects identified in

the earlier order.  Plaintiff charges no facts to any individual defendants.  Plaintiff simply directs the court to the exhibits attached to the complaint, which include his inmate grievance and the responses thereto.  Plaintiff may not state a claim for relief by merely attaching inmate grievances to the complaint.  Plaintiff has not identified any specific individuals, and has not alleged any facts suggesting an identifiable individual defendant engaged in conduct that deprived Plaintiff of a protected interest.  This action should therefore be dismissed for failure to state a claim upon which relief may be granted.  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 19, 2009**                                /s/  **William M. Wunderlich**
                                                         UNITED STATES MAGISTRATE JUDGE