IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHEOUS GORDON, aka ORVILLE OWEN,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY JAIL, et al.,<br><br>    Defendants. | 1:07-cv-01480-OWW-YNP-SMS-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. 37) |

    Plaintiff is a federal prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Pending before the Court is Plaintiff's motion for reconsideration of the September 23, 2009, order adopting the findings and recommendations of the Magistrate Judge and dismissing this action for failure to state a claim upon which relief could be granted.

    Plaintiff is housed at the U.S. Penitentiary in Florence, Colorado. Plaintiff filed this action on October 12, 2007, claiming that correctional officials at the Fresno County Jail infringed on Plaintiff's right to the free exercise of his religious belief. Specifically, Plaintiff alleged that while he was housed at the Fresno County Jail, he was authorized to receive a kosher diet. Plaintiff's sole allegation was that a tea bag was mixed with his kool-aid, thus rendering the kool-aid non kosher. Plaintiff alleged no specific conduct by any particular defendant. Plaintiff failed to allege any facts indicating that any defendant forced Plaintiff to drink anything he did

1  not desire.  On June 12, 2008, an order was entered, dismissing the complaint and granting
2  Plaintiff leave to file a first amended complaint.  Plaintiff was advised of the deficiencies in the
3  complaint, and the legal standards required to state a claim for relief.
4      On September 12, 2008, Plaintiff filed a first amended complaint.  In a finding and
5  recommendation entered on May 19, 2009, the Magistrate Judge found that the first amended
6  complaint failed to cure the deficiencies identified in the order dismissing the original complaint.
7   Plaintiff restated the allegations of the original complaint.  Plaintiff appeared to complain that
8  the tea bag was removed and replaced, in violation of a court order.[1]   In the finding and
9  recommendation, the Magistrate Judge found that Plaintiff did not cure the defects identified in
10 the earlier order.  Plaintiff failed to allege any facts indicating that any individual defendant
11 engaged in any conduct.  Plaintiff simply directed the Court to the exhibits attached to his
12 complaint.  The Magistrate Judge therefore recommended dismissal of this action for failure to
13 state a claim upon which relief could be granted.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th
14 Cir. 1987)(prisoner must be given notice of deficiencies and opportunity to amend prior to
15 dismissing for failure to state a claim).  On June 16 and June 26, 2009, Plaintiff filed objections
16 to the findings and recommendations.  On September 23, 2009, this Court adopted the findings
17 and recommendations, taking into consideration both objections.
18     Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick
19 Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir.
20 1983)(en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to
21 induce the court to reverse its prior decision.  See e.g., Kern-Tulare Water Dist. v. City of
22 Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other
23 grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988).  The Ninth Circuit has
24 held that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding

---

[1] Plaintiff attached a copy of an order entered in this court, while Plaintiff was a criminal defendant.  The order directed officials at the Fresno County Jail to provide a kosher diet to Plaintiff.

1  clauses.'" <u>LaFarge Conseils et Etudes, S.A. v. Kaiser Cement</u>, 791 F.2d 1334, 1338 (9th Cir.
2  1986), quoting <u>Corex Corp. v. United States</u>, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the
3  clause is reserved for 'extraordinary circumstances.'" <u>Id</u>.

4      Plaintiff's motion for reconsideration consists of a single paragraph, and sets forth no
5  legal argument. Plaintiff simply asks for reconsideration. Plaintiff has cited no new facts, new
6  law, mistake, fraud, or other extraordinary circumstances that would entitle Plaintiff to
7  reconsideration. <u>See</u> Fed.R.Civ.Pro. 60(b); Fed.R.Civ.Pro. 72(a); Local Rule 230(j). As such,
8  Plaintiff is not entitled to reconsideration.

9      Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration of
10  the September 23, 2009, order dismissing this action is denied.

12      IT IS SO ORDERED.
13  **Dated:   June 28, 2010**　　　　　　　　　　　　　/s/ Oliver W. Wanger
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

3